IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRAYSON L. WOODEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-022-A |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND
ORDER

Came on for consideration the motion of defendant Tarrant County ("Tarrant") to dismiss. Having reviewed the motion, the response of plaintiff, Trayson L. Wooden, Tarrant's reply, and applicable authorities, the court concludes the motion should be granted.

I.

Plaintiff's Claims

Plaintiff asserts claims under 42 U.S.C. § 1983 against defendants Tarrant, City of Fort Worth, Charles Davis, and Does 1-25,[1] and a claim against the State of Texas under the Texas Wrongful Imprisonment Act, Tex. Civ. Prac. & Rem. Code §§ 103.001-.154. The specific allegations against Tarrant are as follows:

> 26. Defendants Tarrant County and Does 1-25, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing

[1] Does 1-25 were dismissed by order signed May 16, 2005.

> employees of the Criminal District Attorney's Office of Tarrant County to instigate criminal proceedings against Plaintiff causing the subsequent imprisonment of Plaintiff where there was no legally credible evidence to support a charge of aggravated robbery. If Defendant Tarrant County employees were properly trained, supervised and controlled, they knew or should have known that there was no credible evidence against Plaintiff to support his indictment and prosecution for aggravated robbery.
>
> 27. The failure of Tarrant County to adequately train, supervise and control employees of the Criminal District Attorney's Office amounts to deliberate indifference to the rights of Plaintiff to be free from excessive force, unreasonable searches and seizures, and imprisonment under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.
>
> . . .
>
> 33. In committing the acts complained of herein, Defendants City of Fort Worth, Tarrant County, Davis and Does 1-25, unknown to Plaintiff at this time, acted under color of state law by falsely arresting and detaining and then causing the wrongful imprisonment of the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's rights to be free from false arrest, wrongful conviction and false imprisonment, the Defendants violated Plaintiff's rights under the Fourth Fifth and Fourteenth Amendments to the Constitution of the United States. Among other things, Defendants instigated a criminal investigation and prosecution of Plaintiff without reasonable probable cause and with malice knowing that the charge for aggravated robbery was false and that there was no credible legal evidence against Plaintiff in support of the allegation of aggravated robbery. As a result of the illegal seizure and wrongful indictment and conviction pursued against Plaintiff by Defendants City of Fort Worth, Tarrant County, Davis and Does 1-25, although there was no evidence to support such government actions, Plaintiff was wrongfully imprisoned . . . .

Compl. at 6-9.[2]

---

[2]Paragraphs 30, 31, and 38 of plaintiff's complaint also mention Tarrant, but such paragraphs contain no additional allegations that are relevant to this opinion. See Compl. at 7-8, 10.

II.

Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) are well settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

III.

Analysis

Reasonably read, all of plaintiff's claims against the county involve alleged actions of the District Attorney's Office in its prosecutorial capacity.[3] When acting in a prosecutorial

---

[3]At times, plaintiff's complaint includes Tarrant collectively with Fort Worth and Davis in connection with allegations of false arrest. See, e.g. Compl. at 3, 7-9. However, he makes no factual allegations against Tarrant regarding his arrest, and paragraphs 24 and 25 of his complaint indicate that Davis and other Forth Worth police officers were responsible for plaintiff's arrest. Compl. at

(continued...)

capacity to enforce state law, a district attorney is an agent of the state, rather than the county in which the criminal case is prosecuted. Id. Therefore, a district attorney's actions in a prosecutorial capacity cannot fairly be attributed to the county, "which has no affirmative control over the prosecutor's decisions in a particular case." Id. Moreover, the Fifth Circuit has held that, "because [district attorneys] are state officers, a county cannot be held liable for a failure to train them." Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001).

In this case, plaintiff claims that Tarrant failed to train, supervise, or control employees of its District Attorney's office in connection with allegations that plaintiff was wrongfully prosecuted and imprisoned. Compl. at 6-9; Reply at 2-3. Although plaintiff argues that alleged actions of the District Attorney's Office were "outside the scope of their criminal prosecution duties," reply at 3, he provides no support for such argument. Plaintiff's claims against Tarrant are based on alleged actions taken in connection with his indictment and prosecution; no claims are based on allegations relating to duties that could be considered "administrative or ministerial in nature." Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997); see also Brown v. Lyford, 243 F.3d 185, 192 (5th Cir. 2001). Because plaintiff's claims relate to the prosecutorial functions of the District Attorney's office, which functions are performed

---

[3](...continued)
6; see also Wooden v. State, 101 S.W.3d 542, 543-45 (Tex. App.--Fort Worth 2003, pet. ref'd) (discussing plaintiff's arrest).

as an agent of the state, Tarrant cannot be held liable for any failure to train, supervise, or control the District Attorney's employees.[4] See Mowbray, 274 F.3d at 278 (holding that county could not be liable for failure to train district attorneys on their Brady[5] duties).

IV.

ORDER

For the reasons discussed,

The court ORDERS that all claims asserted by plaintiff against the Tarrant be, and are hereby, dismissed for failure to state a claim upon which relief can be granted.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of said claims.

[4]Plaintiff argues that alleged actions of the District Attorney's Office were "outside the scope of their criminal prosecution duties." Reply at 3. However, he provides no support for such argument. Plaintiff's claims against Tarrant are all based on alleged actions taken in connection with plaintiff's indictment and prosecution; no claims are based on allegations relating to duties that could be considered "administrative or ministerial in nature." Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997); see also Brown v. Lyford, 243 F.3d 185, 192 (5th Cir. 2001).

[5]Brady v. Maryland, 373 U.S. 83 (1963).

SIGNED June 21 , 2005.

/s/ John McBryde
JOHN McBRYDE
United States District Judge