```
            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

TRAYSON L. WOODEN,              §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:05-CV-022-A
                                §
STATE OF TEXAS, ET AL.,         §
                                §
        Defendants.             §
```

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion of defendant State of Texas (the "State") to dismiss. Having reviewed the motion, the response of plaintiff, Trayson L. Wooden, the State's reply, and applicable authorities, the court concludes the motion should be granted.

### I.

### Plaintiff's Claims

Plaintiff's sole claim against the State is a claim under the Texas Wrongful Imprisonment Act ("state-law claim"). Tex. Civ. Prac. & Rem. Code §§ 103.001-.154. Although plaintiff asserts claims under 42 U.S.C. § 1983 against defendants Tarrant County, City of Fort Worth, Charles Davis, and Does 1-25, he does not assert such a claim against the State.

### II.

### Grounds of the Motion

The State moves for dismissal for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Particularly, the

State argues that plaintiff's state-law claim against it: (1) does not raise a question of federal law, (2) is not subject to pendant jurisdiction, and (3) is barred by the Eleventh Amendment.[1]  Mot. at 5-6.

### III.
### Applicable Legal Standards

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).  The plaintiff constantly bears the burden of proof that jurisdiction exists at all stages of the litigation.  Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).  In the Fifth Circuit, Eleventh Amendment immunity is treated as a limit on subject matter jurisdiction.  United States v. Tex. Tech Univ., 171 F.3d 279, 285-86 n.9 (5th Cir. 1999).

### IV.
### Analysis

---

[1] The State also argues that claims brought under 42 U.S.C. § 1983 against the State are barred by the Eleventh Amendment and fail to state a claim for which relief can be granted.  However, the court does not construe plaintiff's complaint as bringing any § 1983 claim against the State.  Compl. at 4-10; see also Resp. at 2-3.

2

Plaintiff admits that he has not asserted an independent federal claim against the State.  See Resp. at 2-3. Nevertheless, he argues that his state-law claim is so related to his § 1983 claims against the other defendants that they are part of the same case or controversy, and that the court therefore has supplemental jurisdiction over his state-law claim.  Resp. at 3-5; see also 28 U.S.C. § 1367.  For the sake of argument, the court assumes that it has supplemental jurisdiction.  However, the presence of supplemental jurisdiction does not eliminate an Eleventh Amendment bar.  Watson v. Texas, 261 F.3d 436, 440 n.5 (5th Cir. 2001) (citing County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 251 (1985)).

Absent consent by the state, abrogation by Congress, or application of the Ex parte Young[2] exception, the Eleventh Amendment makes a state "immune from suits brought in federal courts by her own citizens as well as those by citizens of another state."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Neither abrogation by Congress or the Ex parte Young exception are relevant to this case, and the only issue before the court is whether the State has waived Eleventh Amendment immunity as to plaintiff's state-law claim.  The test for determining if a state has waived Eleventh Amendment immunity is a stringent one.  Coll. Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 675 (1999) (citation omitted).  Generally, waiver will be found only if the state

---

[2] 209 U.S. 123 (1908).

voluntarily invokes federal jurisdiction or if the state makes a "clear declaration" that it intends to submit itself to federal jurisdiction. Id. at 675-76 (citing Great N. Life Ins. Co. v. Read, 322 U. S. 47, 54 (1944)); see also Pennhurst, 465 U.S. at 99 (holding that state's consent to suit must be "unequivocally expressed"). A state does not consent to suit in federal court merely: (1) by consenting to suit in the courts of its own creation, Coll. Sav., 527 U.S. at 676 (citing Smith v. Reeves, 178 U.S. 436, 441-445 (1900)); (2) by stating its intention to "sue and be sued," id. (citing Florida Dept. of Health and Rehabilitative Servs. v. Florida Nursing Home Assn., 450 U.S. 147, 149-150 (1981) (per curiam)); or (3) even by authorizing suits against it "'in any court of competent jurisdiction,'" id (quoting Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 577-579 (1946)). A state's general waiver of sovereign immunity is not enough to waive Eleventh Amendment immunity; the state must specify its "intention to subject itself to suit in federal court." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (emphasis in original) (citations omitted).

Plaintiff argues that Texas has waived sovereign immunity for his state-law claim as follows:

> WAIVER OF IMMUNITY; FILING SUIT.
>
>    (a)  A person may bring a suit against the state under this subchapter, and the state's immunity from the suit is waived.
>
>        . . . .
>
>    (c)  The suit shall be brought in a court of competent jurisdiction either in the county of the

4

>    petitioner's residence at the time the suit is
>    commenced or in Travis County.

Tex. Civ. Prac. & Rem. Code § 103.101(a) & (c) (Vernon 2005). Although the waiver provision of § 103.101(a) clearly indicates the State's intent to subject itself to suit, it does not specify an "intention to subject [the state] to suit in federal court."[3] Atascadero State Hosp., 473 U.S. at 241 (emphasis in original). Likewise, the authorization to bring suit in a "court of competent jurisdiction" falls short of the clear declaration required for a waiver of Eleventh Amendment immunity. Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 577-580 (1946); Diagle v. Gulf State Utilities Co., Local Union No. 2286, 794 F.2d 974, 980 & n.7 (1986); see also Kimel v. Florida Bd. of Regents, 528 U.S. 62, 75 (2000) (distinguishing between "in any court of competent jurisdiction" and "in any Federal or State court of competent jurisdiction") (emphasis in original). Therefore, plaintiff has failed to convince the court that the State has waived Eleventh Amendment immunity. Accordingly,

V.

---

[3] The court notes that an early Supreme Court case indicated in dicta that the phrase "in a court of competent jurisdiction in Travis county, Texas" allowed suit in the Circuit Court for the Western District of Texas, sitting in Travis County. Reagan v. Famers' Loan & Trust Co., 154 U.S. 362, 391-92 (1894). However, the Supreme Court concluded that the action was not a suit against the state, id. at 392, and the Court refused to extend the reasoning of Reagan to other contexts. Great N. Life Ins. Co. v. Read, 322 U.S. 47, 54-56 (1944). In light of the Supreme Court's subsequent decisions requiring a clear declaration of a state's consent to be sued in federal court, Reagan is inapplicable. See Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 577-580 (1946); see also Coll. Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 675-83 (1999) (discussing the development of the Court's jurisprudence regarding waiver).

ORDER

The court ORDERS that plaintiff's claim against the State, be, and is hereby, dismissed for lack of subject matter jurisdiction.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of said claim.

SIGNED June   23  , 2005.

                                          /s/ John McBryde
                                        JOHN McBRYDE
                                        United States District Judge